FOLLY FARMS I, INC. ET AL. *v.* TRUSTEES
OF THE CLIENTS' SECURITY TRUST
FUND OF THE BAR OF MARYLAND

[No. 159, September Term, 1975.]

*Decided September 16, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ., and J. HAROLD GRADY, Associate Judge of the Eighth Judicial Circuit, specially assigned.

*John H. Zink, III,* with whom were *Cook, Murray, Howard & Tracy* on the brief, for appellants.

*Richard A. Reid,* with whom were *Royston, Mueller & McLean on the brief, for appellee.*

MURPHY, C. J., delivered the opinion of the Court.

Maryland Code (1957, 1976 Repl. Vol.) Art. 10, § 43 authorizes the Court of Appeals "by rules and regulations . . . [to] provide for the creation and operation of a 'Clients' Security Trust Fund of the Bar of Maryland,' and for the appointment of trustees to administer the fund." The statute specifies that it was the purpose of the Fund to maintain "the integrity and [to] protect[ing] the good name of the legal profession by reimbursing, to the extent deemed proper and reasonable by the trustees, losses caused by defalcations of members of the bar of the State of Maryland, acting either as attorneys or as fiduciaries . . . ." Maryland Rule 1228, entitled "Clients' Security Fund," was promulgated in pursuance of the statute; it requires as a condition precedent to the practice of law in this State that each Maryland lawyer pay an annual assessment to the

Fund. The trustees of the Fund, whom the Court appoints to operate and manage the Fund, are authorized to make payment of claims and to determine whether a claim merits reimbursement. The Rule (1228 i 3) sets forth criteria governing the exercise of the trustees' power in determining whether a claim should be paid, viz.:

"In exercising their discretion the trustees may consider, together with such other factors as they deem appropriate, the following:

(i) The amounts available and likely to become available to the trust fund for payment of claims.

(ii) The size and number of claims which are likely to be presented in the future.

(iii) The total amount of losses caused by defalcations of any one attorney or associated groups of attorneys.

(iv) The unreimbursed amounts of claims recognized by the trustees in the past as meriting reimbursement, but for which reimbursement has not been made in the total amount of the loss substained.

(v) The amount of the claimant's loss as compared with the amount of the losses sustained by others who may merit reimbursement from the trust fund.

(vi) The degree of hardship the claimant has suffered by the loss.

(vii) Any negligence of the claimant which may have contributed to the loss."

On March 27, 1974, Folly Farms I, Inc., et al. (Folly Farms) filed claims with the Fund for reimbursement of losses amounting to approximately $40,000 sustained by the defalcation of a member of the Maryland Bar, William Jacob. The trustees of the Fund denied the claim on the ground that the information and documentation furnished by Folly Farms revealed that Jacob was the vice president of Folly Farms and the claim arose from his relationship as an

officer of the corporation rather than from an attorney-client relationship or because he was an attorney acting in a fiduciary capacity.

Folly Farms filed a petition for a writ of certiorari in the Circuit Court for Baltimore County, seeking review of the adverse determination of the trustees. It claimed that the defalcation occurred in the course of Jacob's acting as attorney and fiduciary for the corporation and averred that the decision of the trustees denying the claim was unconstitutional, arbitrary and capricious, unsupported by substantial evidence and constituted an abuse of the discretion vested in the trustees. A motion filed by the trustees to strike the petition was denied and a writ of certiorari was thereafter issued. The trustees then moved to quash the writ and a hearing was held on the motion; the trustees alleged that the court lacked jurisdiction to review their decision, that the petition failed to set forth a cause of action for issuance of the writ, and that in any event the trustees could not comply with the writ because no record of proceedings was required by Maryland Rule 1228 to be kept, final decisions of the trustees not being subject to judicial review. The court granted the trustees' motion and quashed the writ. It held that the trustees were invested under the Rule "with complete discretion to determine the merits of the claim, the amount of reimbursement" and that there was no provision for judicial review of the trustees' decision. Folly Farms then appealed to the Court of Special Appeals. We granted certiorari prior to argument of the case in that court to determine whether decisions of the trustees were subject to judicial review.

Folly Farms claims that circuit courts and the Court of Appeals have "inherent power" over the trustees and that it is appropriate for courts to issue a writ of certiorari and conduct a hearing "to determine whether the trustees have acted without reasonable justification."

As the Fund is peculiarly subject to the supervision of the Court, we amended Rule 1228, effective September 15, 1976, to provide for the filing of exceptions to final decisions of the trustees denying claims filed by aggrieved claimants

as the exclusive method for obtaining judicial review in such cases. The amendment provides that a claimant aggrieved by a final determination of the trustees denying his claim may, within 15 days thereafter, file exceptions in the Court of Appeals on the ground that the decision was (1) arbitrary or capricious, or (2) unsupported by substantial evidence on the record considered as a whole, or (3) not within the authority vested in the trustees, or (4) was made upon unlawful procedure, or (5) was unconstitutional or otherwise illegal. In view of the amendment to the Rule during the pendency of this case, we think it appropriate in the circumstances to treat the petition filed by Folly Farms as an exception taken to the trustees' decision and, without denying or sustaining the exceptions, to vacate the trustees' decision and remand the matter to the trustees for further proceedings. In this connection, we note that the trustees' decision denying the claim is not supported by any definitive factual findings relative to the application of the criteria governing the exercise of the trustees' discretion specified in Rule 1228 i 3. We think that the trustees, on remand, should give further consideration to the claim and state with specificity the reasons underlying their final determination.

> *Final determination of the trustees denying the claim vacated; case remanded for further proceedings in accordance with this opinion; each party to pay its own costs.*